IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SMITH on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § § | |
| | § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| HOUSTON EMERGENCY AUTO RESCUE AND TRUCKING and THE AMERICAN AUTOMOBILE ASSOCIATION d/b/a AAA | § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**SUMMARY**

1. Houston Emergency Auto Rescue and Trucking and The American Automobile Association d/b/a AAA (herein after collectively referred to as "Defendants") do not pay their drivers (including, but not limited to Tow Truck Drivers) overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the FLSA). Instead, Defendants pay their Drivers straight time, not time and a half, for all hours worked over forty (40), in a regular work week. Because these workers are nonexempt employees under the FLSA, Christopher Smith, and the other Drivers are entitled to recover unpaid overtime as well as other damages.

2. Defendants have a policy, enforced at all of its locations throughout the United States, denying Plaintiff and putative class members compensation at time and a half for hours worked above forty (40) per week.

1

3. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

4. At all material times, Defendants have been joint employers within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

5. To be clear, this complaint and the allegations contained herein are of the conduct of Defendants who maintained a uniform pay policy denying overtime wages and minimum wage to Drivers that engaged in roadside assistance, including, but not limited to, towing vehicles.

6. Defendants employ Plaintiff and putative class members at their Houston, Texas location and other locations throughout the United States.

7. Defendants manage Plaintiff and putative class members throughout the course and scope of their employment.

8. Putative class members are all similarly situated Drivers employed by each defendant and not paid time and a half for hours worked above forty (40) per week and denied minimum wage for off the clock work during the past three years.

## JURISDICTION AND VENUE

9. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. Venue is proper because Defendants have locations in the Southern District of Texas and a substantial portion of the events forming the basis for this suit occurred in the Southern District of Texas.

## PARTIES

11. Christopher Smith, Plaintiff, resides in Harris County, Texas and works for Defendants as a Tow Truck Driver. His written consent is attached.

12. Defendant Houston Emergency Auto Rescue and Trucking is a Texas Company, doing business at its location in Houston, Texas. It may be served with process through its Registered Agent, Mahmoud Othman at 619 West 27th Street, Houston, Texas 77008.

13. Defendant The American Automobile Association is a Corporation, doing business in Houston, Texas. It may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900; Dallas, Texas 75201.

14. Plaintiff was hired and is employed by Defendants at their location in Houston, Texas. The type of work performed by plaintiff is consistent with non-exempt employment under the FLSA. Defendants are therefore obligated to pay its non-exempt employees overtime and minimum wage under the FLSA.

15. The "FLSA Class Members" are all Drivers who drove vehicles weighing less than ten thousand (10,000) pounds (including, but not limited to Tow Truck Drivers) who were employed by Defendants to perform roadside assistance (including, but not limited to towing vehicles) not paid time and a half for overtime hours worked, and denied minimum wage for off the clock work performed in the last 3 years.

## FACTS

16. Plaintiff, Christopher Smith is an employee of Defendants who worked in Houston, Texas.

17. Defendants are engaged in the business of towing vehicles and performing roadside assistance in the greater Houston area and throughout Texas and the United States.

18. Plaintiff has worked as a Tow Truck Driver from January 2016 until the present time.

19. Plaintiff's primary job duty is to provide roadside assistance for customers, tow vehicles for Defendants, and drive to locations directed by Defendants to assist defendants customers on issues involving vehicles.

20. Plaintiff and putative class members are not independent contractors.

21.   Plaintiff and putative class members had expenses paid in furtherance of their job duties (for example; gas money) taken from their paychecks and were not reimbursed of these job related out of pocket expenses.

22.   No exemption to the provisions of the FLSA excused Defendants from its obligation under the FLSA to pay Plaintiff and putative class members time and a half for all the hours worked over forty (40), in a regular work week, while employed by Defendants.

23.   Defendants paid Plaintiff and putative class members an hourly rate but reduced their weekly hours based on the number of vehicles towed.

24.   Defendants' reduction of the weekly hours worked by plaintiff and putative class members had the effect of denying them compensation for their overtime hours worked and denying them minimum wages for the resulting off the clock hours worked during their employment with Defendants.

25.   Plaintiff and putative class members are Drivers (including, but not limited to tow truck drivers) who perform work involving physical skill and energy.

26.   Defendant AAA paid Defendant Houston Emergency Auto Rescue and Towing for the work performed by Plaintiff and putative class members.

27.   In furtherance of a joint employer relationship, Plaintiff and putative class members drove trucks with the AAA logo printed on the tow trucks.

28.   In furtherance of a joint employer relationship, Plaintiff and putative class members were required to wear a uniform with the AAA logo printed on the uniform.

29.   In furtherance of a joint employer relationship, Plaintiff and putative class members were required to carry a AAA identification card.

30.   In furtherance of a joint employer relationship, Defendants share the services of Plaintiff and putative class members.

31.   In furtherance of a joint employer relationship, Defendants share control of Plaintiff and putative class members.

32. Defendant AAA would direct Defendant Houston Emergency Auto Rescue and Towing as to which vehicles to tow, tell them the location of the vehicle, and direct them as to where the vehicle was to be towed.

33. In furtherance of a joint employer relationship, the operations of defendants are intermingled.

34. In furtherance of a joint employer relationship, Defendants share clients and customers.

35. Plaintiff and putative class members primary duties' include roadside assistance for customers, towing vehicles for Defendants, and driving to locations directed by Defendants.

36. In furtherance of a joint employer relationship, there are agreements between defendants.

37. The work performed by Plaintiff is an integral and essential part of the services provided for Defendants' customers.

38. Defendants rely upon its Drivers to perform this work for its customers.

39. Defendants determine where its Drivers work and how they perform their duties.

40. Defendants hire, fire and supervise their Drivers.

41. Defendants set the Drivers' hours and require them to report to work on time and leave when they have completed their assigned work.

42. Defendants' Drivers at all locations work exclusively for Defendants since they work between 60-70 hours a week and as a practical matter, they cannot work anywhere else.

43. Drivers are not permitted to hire other workers to perform their jobs for them.

44. Drivers do not employ staff, nor do they maintain independent places of business.

45. The vehicles driven by Plaintiff and putative class members weigh less than ten thousand (10,000) pounds.

46. Drivers cannot earn a "profit" by exercising managerial skill, and their hours and assignments are determined by Defendants.

47. Plaintiff and putative class members regularly work more than 40 hours in a workweek, Defendants pay them at an hourly rate and reduce their time to avoid paying them overtime wages and deny them minimum wage for off the clock hours worked.

48. Plaintiff and putative class members seek unpaid overtime wages and unpaid minimum wages for the three year period of time preceding the filing of this lawsuit.

### COLLECTIVE ACTION ALLEGATIONS

49. In addition to Christopher Smith, Defendants jointly employ approximately fifty (50) Drivers at the location where Plaintiff Christopher Smith works. Defendant AAA directly or jointly employs over 1000 drivers in Texas and over 10,000 drivers nationwide. These Drivers work over forty hours per week and have their hours reduced based on the number vehicles they tow. The reduction of the tow truck driver's hours has the effect of denying them overtime compensation and minimum wages. These FLSA Class Members perform similar job duties and are subjected to the same unlawful pay policies. The FLSA Class Members are similarly situated to Christopher Smith.

50. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Drivers including, but not limited to tow truck drivers, who drove vehicles weighing less than 10,000 pounds, jointly employed by defendants or employed by AAA through a joint employment relationship with another entity who were not paid time and a half for overtime hours worked and were denied minimum wages for off the clock work performed in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

51. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

52. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates and denying minimum wages for off the clock work performed, Defendants violated the overtime provisions of the FLSA, 29 U.S.C. §207.

53. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

54. Defendants owe Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

55. Defendants knew, or showed reckless disregard for whether, its failure to pay overtime wages and minimum wages violated the FLSA.  Their failure to pay overtime wages and minimum wages to Plaintiff and the FLSA Class Members is willful.

56. Defendants, as part of their regular business practices, have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice or policy of violating the FLSA on a class wide basis, as described above.

57. Defendants owe Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages, and minimum wages as well as liquidated damages.

58. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

59. Plaintiff CHRISTOPHER SMITH, on behalf of himself and all other similarly situated employees make a formal demand for jury trial in this matter.

## PRAYER

60. For these reasons, Plaintiff and Putative Class Members respectfully request that judgment be entered in their favor and the following relief be awarded :

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation and minimum wages, reimbursement of their out of pocket expenses, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**